NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST A...



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1948

Re: Is the residue of the Estate of an individual left to the American Red Cross subject to the payment of inheritance taxes?

You have requested the opinion of this Department on the question of whether or not the residue of the estate of an individual which was left to the American Red Cross by will is subject to the payment of the Texas inheritance tax.

The devise in question reads as follows:

"All the rest and residue of my property and estate, whether the same be real, personal or mixed, and all notes, choses in action and any other property that I may own at my death, not herein in this will disposed of and including any legacies or devises which may lapse by the death of any legatee or devisee, or under any provision of this will I give, bequeath and devise to the Red Cross of America to be used for the general purposes of said society."

You further advise that the contention is being made that the American Red Cross is an agency of the Federal Government, and the property passing to it is property passing to the United States and, therefore, tax exempt.

It is the well settled law that there is no constitutional inhibition, federal or state, against a state inheritance tax which taxes the right of succession to a legacy by the United States Government. The Supreme Court of the United States in

the case of Snyder v. Bettman, 23 Sup. Ct. 203, 190 U.S. 249, 47 L. Ed. 1035, stated as follows:

"Having determined, then, that Congress has the power to tax successions; that the states have the same power, and that such power extends to bequests to the United States, it would seem to follow logically that Congress has the same power to tax the transmission of property by legacy to states or their municipalities, and that the exercise of that power in neither case conflicts with the proposition that neither the Federal nor the state government can tax the property or agencies of the other, since, as repeatedly held, the taxes imposed are not upon property, but upon the right to succeed to property."

The Supreme Court of the United States in the case of Willcuts v. Bunn, 282 U.S. 216, 75 L. Ed. 304, in an opinion written by Chief Justice Hughes, stated as follows:

"Both the Congress and the states have the power to tax transfers or successions in case of death, and this power extends to the taxation by a state of bequests to the United States, and to the taxation by the Congress of bequests to states or their municipalities."

The question here, then, involves purely a matter of construction of the Texas Inheritance Tax Law.

We call your attention to Articles 7119 and 7122 of the Revised Civil Statutes of Texas, which reads as follows:

Art. 7119. "If passing to or for the use of the United States, to be used in this State, the tax shall be one per cent on any value in excess of twenty-five thousand dollars, and not exceeding fifty thousand dollars; two per cent on any value in excess of fifty thousand dollars and not exceeding one hundred thousand dollars; three per cent on any value in excess of one hundred thousand dollars and not exceeding two hundred thousand dollars; four per cent on any value in excess of two hundred thousand dollars, and not exceeding five hundred thousand dollars; five per cent on any value in excess of five hundred thousand dollars and not exceeding one million dollars; and six per cent on any value in excess of one million dollars."

Art. 7122. "If passing to or for the use of the United States to or for the use of any other person or religious, educational or charitable organization or institution, or to any other person, corporation or association not included in any of the classes mentioned in the preceding portions of the original Act known as Ch. 29 of the General Laws of the Second Called Session of the Thirty-eighth Legislature, the tax shall be:

| 5% | on any value in excess of $ | 500 | and not exceeding $ | 10,000 |
|----|-----------------------------|-----|---------------------|--------|
| 6% | " " " " " " | 10,000 | " " " | 25,000 |
| 8% | " " " " " " | 25,000 | " " " | 50,000 |
| 10% | " " " " " " | 50,000 | " " " | 100,000 |
| 12% | " " " " " " | 100,000 | " " " | 500,000 |
| 15% | " " " " " " | 500,000 | " " " | 1,000,000 |
| 20% | " " " " " " | 1,000,000 | | |

"Provided, however, that this Article shall not apply on property passing to or for the use of the United States or any religious, educational or charitable organization when such bequest, devise or gift is to be used within this State."

Unquestionably the clear language of the above quoted statutes require that property passing to or for the use of the United States or to or for the use of any charitable organization be subject to the tax schedule set out in said Article except and unless the property is to be used within the State of Texas. In Opinion No. O-2216, this Department construed the meaning of the phrase "to be used within the State." This Department ruled as follows:

"It is the opinion of this Department that the devise in question is one which comes under the classification set up in the first part of Art. 7122, supra, in that it passes property to or for the use of a charitable organization or institution. We find nothing however in the devise which would make it one passing property to a charitable organization to be used within this State. It is urged, however, even though the devise does not require the money to be spent in Texas, that in fact the money will be so spent. A reading of the various classifications set up by Art. 7119 through 7122, inclusive, clearly shows that the tax is to be computed in accordance with the wording of the devise itself. If the rule be otherwise, money passing to an uncle or

Hon. Geo. H. Sheppard, p. 4

aunt would not have to pay the tax schedule set out
in Art. 7121 on an affidavit of such uncle or aunt
that the money was in fact to be spent upon a
brother or sister of the deceased, which bears a
smaller tax schedule as set out in Art. 7120.

"Prior to 1933 a similar exemption was contained
in the Texas Inheritance Tax law in reference to de-
vises to religious, educational or charitable organiza-
tions. Under the exemption as it then read it was
necessary that the devise be to an institution located
in this State and also it was necessary that the bequest,
devise or gift was to be used within this State. The
Austin Court of Civil Appeals construed this exemption
in the case of San Jacinto National Bank v. Sheppard,
125 S.W. (2d) 715. Under the facts in that case the
devise of one-half of the deceased's estate was to an
out of State corporation organized for religious,
benevolent and educational purposes. The court held
that such institution was not located within this
State. The court also stated as follows:

"'Nor did the will of Milroy require the
funds derived from his devise to be used in
Texas. Clearly under the charter and said
will the beneficiary corporation could have
used the devise anywhere the directors thereof
should determine in their meetings in Ohio.'

"The above discussed exemption was amended to its
present form as quoted supra by the 43rd Legislature
in 1933. However, the present exemption requires that
the devise be one which is to be used within this State
and in this respect the present exemption is identical
with the like requirement in the prior exemption. There-
for the court's statement concerning the devise in the
San Jacinto National Bank case is pertinent in construing
the present exemption.

"Under the devise in question the Indiana organiza-
tion has the authority to spend the proceeds from the
sale of the property anywhere that it sees fit to do
so. The devise is not one which requires that the money
be spent within this State. It is the opinion of this
Department, therefore, that the property passing in the
devise in question is subject to the Texas Inheritance
Tax on its value in excess of $500."

We again call your attention to the devise in this case which merely provides that the American Red Cross may use the money and property left to it in any manner it sees fit, and there is no restriction in said devise that the same be spent within the State of Texas. It is, therefore, immaterial as far as the question presented here is concerned to pass on the question of whether or not the American Red Cross is an arm of the United States Government. In any event the devise in question does not require same to be used within the State of Texas, and it would, therefore, be subject to the tax schedule set out in Art. 7122, supra.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/

Billy Goldberg
Assistant

BG:B:bb

APPROVED SEPT. 15, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED
OPINION COMMITTEE
By-B.W.B.
Chairman

OK-G.R.L.